**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
ITOFFEE R. GAYLE          :
                          :
          Plaintiff,      :
                          :
     -against-            :        MEMORANDUM DECISION
                          :          AND ORDER
ANGIE VILLAMARIN,         :
                          :        18 Civ. 6025 (GBD) (GWG)
          Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

Plaintiff Itoffee R. Gayle ("Plaintiff") brings this action against Defendant Angie Villamarin ("Defendant"), asserting claims of copyright and trademark infringement under the Copyright Act, 17 U.S.C. § 101 et seq. and New York common law. (First Am. Compl. ("FAC"), ECF No. 76, ¶¶ 1-4.) Plaintiff is a visual artist and has sold products featuring the "ART WE ALL" mark, including hats, buttons, t-shirts, art works, prints, stickers, and stamps . . . through in-person sales, pop-up stores, trade shows, and online." (Declaration of Itoffee Gayle, ("Gayle Decl."), ECF No. 91, ¶¶ 12-14.) Plaintiff owns a copyright registration for nine pieces of artwork containing the words "ART WE ALL" with variations as to color and additional language. (*Id.* ¶ 12.) Only one of the nine images is relevant to Plaintiff's copyright claim (the "Copyright Image"). (Color Photocopies of Copyright Registration VA 2-006-958, ECF No. 99-1, 3.) Plaintiff alleges that Defendant infringed on his rights in the Copyright marks by selling and gifting hats with the mark "ARTWEALL." (Declaration of Angie Villamarin ("Villamarin Decl."). ECF No. 84, ¶¶ 8, 10.) Defendant moves for summary judgment dismissing both of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 56(c). (Def.'s Notice of Mot. to Dismiss, ECF No. 87, 1.)

Before this Court is Magistrate Judge Gabriel W. Gorenstein's July 7, 2021 Report and Recommendation (the "Report"), recommending that Defendant's motion for summary judgment

1

be granted. (Report, ECF No. 106, 1.) Magistrate Judge Gorenstein advised the parties that failure to file timely objections would constitute a waiver of those objections on appeal. (Report 22.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I. LEGAL STANDARDS

### A. Reports and Recommendations

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when, "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed,'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted), and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at \*2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie,* 532 U.S. 234, 242 (2001)).

### B. Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, "[t]he evidence of the non-movant is to be believed" and the court must draw "all justifiable inferences" in favor of the nonmoving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970));

2

accord *Morales v. Quintel Ent., Inc.*, 249 F.3d 115, 121 (2d Cir. 2001) ("[A]ll reasonable inferences must be drawn against the party whose motion is under consideration.").

Once the moving party has shown that there is no genuine issue as to any material fact and that it is entitled to a judgment as a matter of law, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial,'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis in original) (quoting Fed. R. Civ. P. 56(e)), and "may not rely on conclusory allegations or unsubstantiated speculation," *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (citing cases). In other words, the non-movant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. Where "the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case." *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993) (punctuation omitted). Thus, "[a] defendant moving for summary judgment must prevail if the plaintiff fails to come forward with enough evidence to create a genuine factual issue to be tried with respect to an element essential to its case." *Allen v. Cuomo*, 100 F.3d 253, 258 (2d Cir. 1996) (citing *Anderson*, 477 U.S. at 247-48).

## II.    THE REPORT IS ADOPTED

After a complete review of the relevant legal standards and facts at issue, Magistrate Judge Gorenstein correctly concluded that Defendant was entitled to summary judgment on Plaintiff's copyright infringement claim because Plaintiff failed to present evidence showing that Defendant had copied the Subject Image. (Report 12.) The Report also correctly concluded that Defendant was entitled to summary judgment on Plaintiff's trademark infringement claim because Plaintiff

3

failed to present evidence showing that Defendant's products would create a likelihood of confusion in the marketplace. (Report 12-21.)

## A. Defendant is Entitled to Summary Judgment on Plaintiff's Copyright Claim

"In a copyright infringement case, the plaintiff must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) and *Castle Rock Entm't, Inc. v. Carol Publ'g Group, Inc.*, 150 F.3d 132, 137 (2d Cir. 1998)). A "certification of registration . . . constitute[s] prima facie evidence of the validity of the copyright." 17 U.S.C. § 410(c). However "the alleged infringer may rebut [this] presumption." *Scholz Design, Inc. v. Sard Custom Homes*, LLC, 691 F.3d 182, 186 (2d Cir. 2012). "To demonstrate unauthorized copying, the plaintiff must first show that his work was actually copied; second, he must establish substantial similarity or that the copying amounts to an improper or unlawful appropriation . . . ." *Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 131 (2d Cir. 2003) (punctuation omitted).

The Report correctly found that Plaintiff owns a valid copyright in the Copyright Image for which he seeks copyright protection. (*See* Report 7.) Gayle submitted a certified copy of the Copyright Image from the USCO, therefore he is entitled to the presumption of validity. (*Id.*) The Report also correctly found that even though the phrase "ART WE ALL" alone is not copyrightable, the Copyright Image is more than just those words. (*Id.* 8.) The artwork consists of a number of design decisions, including the font, the mix of upper and lower case letters, and the slant of the letters. *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1003-04 (2d Cir. 1995) ("[A] work may be copyrightable even though it is entirely a compilation of unprotectible elements. What is protectible then is the author's original contributions.")

4

Notwithstanding the validity of Plaintiff's mark, the Report correctly found, Plaintiff's copyright claim fails on the merits because Gayle provides no proof that Defendant had access to the Copyright Image. (Report 9-11.) To show that Defendant had access to the copywritten work, and therefore may have engaged in actual copying, Plaintiff needed to show either that the work was "widely disseminated" or that "a particular chain of events exists by which the defendants might have gained access to the work." *O'Keefe v. Ogilvy & Mather Worldwide, Inc.*, 590 F. Supp. 2d 500, 515 (S.D.N.Y. 2008) (quoting *Tomasini v. Walt Disney Co.*, 84 F. Supp. 2d 516, 519 (S.D.N.Y. 2000)); *Jorgensen*, 351 F.3d at 51 ("[i]n order to support a claim of access, a plaintiff must offer 'significant, affirmative and probative evidence'"). However, as the Report noted, Plaintiff presented "literally no evidence that the specific work at issue . . . as opposed to just the words 'Art We All' has been widely disseminated." (Report 11.) Even considering the words "Art We All" by themselves, the Report appropriately found that no reasonable jury could conclude that phrase was widely disseminated since Plaintiff claimed his work was disseminated through "graffiti in only vaguely described locations, features in art exhibitions that are unnamed except in one instance, dissemination through social media without any explanation of the number of views, and vague descriptions of commercial sales." (*Id.*)

## B. Defendant is Entitled to Summary Judgment on Plaintiff's Trademark Infringement Claim

"[U]nder New York state law, a mark owner may maintain a . . . common law action against a party who engages in unauthorized use of the mark." *ITC Ltd. v. Punchgini, Inc.*, 482 F.3d 135, 146 (2d Cir. 2007), cert. denied, 552 U.S. 827 (2007). "In order to prove a claim for trademark infringement under New York common law, plaintiff must show that its mark is valid and legally protectible and that another's use of a similar mark is likely to create confusion as to the origin of the product." *Victorinox AG v. B & F System, Inc.*, 114 F. Supp. 3d 132, 141

(S.D.N.Y. 2015) (punctuation omitted), *aff'd*, 709 F. App'x 44 (2d Cir. 2017), *as amended* (Oct. 4, 2017). Additionally, the plaintiff must establish that it is the senior user of the mark. *See Woodstock Ventures LC v. Woodstock Roots, LLC*, 387 F. Supp. 3d 306, 315 (S.D.N.Y. 2019) ("the user who first appropriates the mark obtains an enforceable right to exclude others from using it") (punctuation omitted), *aff'd*, 837 F. App'x 837 (2d Cir. 2021).

The Report correctly found that Plaintiff's trademark infringement claim failed on the merits because he did not show that Defendant's use of the mark would create a likelihood of confusion as to its origin. (Report 15.) To determine whether there would be a likelihood of confusion the Report properly applied the Second Circuit's eight-factor balancing test first laid out in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961). *See JJFM Corp. v. Mannino's Bagel Bakery*, 70 Misc.3d 171, 174 (N.Y. Sup. Ct. 2020) (examining the Polaroid factors to determine whether there is a likelihood of confusion in a common law trademark case). The Report correctly found that the balance of the factors weighed against finding a likelihood of confusion. In particular, the Report properly found that Plaintiff did not present any evidence that his mark is distinctive in the marketplace, (Report 17); that Plaintiff was unable to supply an admissible image of the Subject Image on any product being sold in the marketplace, (*id.* 18); that Plaintiff failed to present evidence of commercial sales of products with the mark, or even any indication of the market for such products, (*id.*); and that Plaintiff presented no evidence that Defendant's sold her products in bad faith, (*id.* 20).

Having reviewed the Report, this Court is left without a "definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008).

6

### III.   CONCLUSION

Magistrate Judge Gorenstein's Report is ADOPTED.   Defendants' motion for summary judgment, (ECF No. 81), is GRANTED in its entirety.   The Clerk of Court is directed to close the motion and dismiss the Complaint accordingly.

Dated: New York, New York
       September **SEP 1 3 2021**

SO ORDERED.

*George B. Daniel*

GEORGE B. DANIELS
United States District Judge